IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MCMANUS,** *Plaintiff,* | : : : : : : : : : | **CIVIL ACTION**<br><br>No. 21-2285 |
| v. |  |  |
| **WALGREENS CO., et al.,** *Defendant.* |  |  |

**MEMORANDUM**

**KENNEY, J.**                                                                                                   **JANUARY 29, 2024**

### I.     INTRODUCTION AND BACKGROUND

Plaintiff Robert McManus was hired by Walgreens Eastern Co. Inc. ("Walgreens") to perform work on the roof of one of its locations; while climbing a ladder to open a roof hatch, he fell and was injured. Subsequently, he filed this lawsuit in the Philadelphia County Court of Common Pleas on April 16, 2021, alleging one count of negligence against Walgreens and the Bilco Company ("Bilco"), one count of strict liability against Bilco, and one count of Breach of Warranty against Bilco. ECF No. 1. Walgreens removed this case to the Eastern District of Pennsylvania on May 19, 2021. *Id.* The case was tried between April 29, 2022 and May 10, 2022.

During the trial, Walgreens' expert witness Jody DeMarco testified that he had conducted an additional site visit on May 2, 2022, which was not disclosed to Plaintiff, while the trial was taking place. ECF No. 171 at 7-9. Upon questioning from Plaintiff's counsel, DeMarco indicated that Defendants' counsel, Attorneys Robert Sanzo and Jaqueline Promislo, were not aware he was performing the additional site visit. *Id.* at 8. However, further production of Defendants' counsel's

1

documents indicated that Attorney Sanzo had in fact asked DeMarco to perform the additional site visit, and Attorney Promislo was aware of that site visit. *Id.* at 11.

After learning that Walgreens had failed to disclose the May 2 site visit, the Court struck DeMarco's testimony regarding that site visit and instructed the jury that stricken testimony should not be considered as evidence. *Id.* at 23. On May 10, 2022, the jury returned a verdict in favor of Defendants, and the Court entered a civil judgment order in favor of Defendants the same day. ECF Nos. 138, 139. On May 11, 2022, Plaintiff filed a Motion to Request an Expeditious Response to Court's Order During Trial, which pertained to the same conduct. ECF No. 142. On May 27, 2022, Plaintiff filed a Motion for a New Trial, arising in part from Defendants' expert's conduct at trial, which the Court denied. ECF Nos. 160, 171. Following denial of that motion, Plaintiff appealed the district court's decision to the Third Circuit on September 23, 2022. ECF No. 173. The Third Circuit affirmed the district court's decision. *See McManus v. Walgreens Co.*, 2023 WL 7298569, *4 (3d Cir. Nov. 6, 2023). McManus now files a motion for sanctions (ECF No. 189) which is also based on the conduct of DeMarco and Defendants' counsel at the May 2022 trial.

## II.   STANDARD OF REVIEW

The Third Circuit has adopted a "supervisory rule…that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988). Courts in this Circuit have repeatedly reaffirmed this rule. *See Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008) ("counsel seeking Rule 11 sanctions must file their motions before entry of final judgment in the district court") (citing *Pensiero*, 847 F.2d at 92); *Hilmon Co. (V.I.) Inc. v. Hyatt Intern.*, 899 F.2d 250, 251 n.1 (3d Cir. 1990) ("Final judgment has been entered in favor of [Defendant] and its request [for sanctions] is untimely"); *see also Prosser v. Prosser*, 186 F.3d 403, 406 (3d Cir. 1999) (reversing

the Appellate Division's issuance of sanctions because it occurred thirty months after a final decision on the merits). Similarly, "a motion for [inherent authority] sanctions under § 1927 need not be filed prior to the entry of a final judgment…[n]evertheless, a motion for §1927 sanctions should be filed within a reasonable time." *Klein v. Weidner*, 2017 WL 2834260, at *7 (E.D. Pa. June 30, 2017) (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101-02 (3d Cir. 2008)).

### III.    DISCUSSION

Plaintiff's motion for sanctions relates to conduct that took place at the trial in May 2022. Plaintiff immediately considered the conduct to be improper, and objected to it. Plaintiff filed two post-trial motions in May 2022 regarding the same conduct, and filed an appeal in September 2022. Nevertheless, this motion for sanctions is filed nineteen months after the conduct took place without disclosing any new facts that arose in the interim. In other words, this motion could have been filed at any time since May 2022. Plaintiff does not provide any reason why this motion could not have been filed concurrently with any of the prior motions he filed that were much closer in time to the entry of judgment. Plaintiff may object to Defendants' conduct at trial, but has delayed in filing the motion for sanctions such that his request is rendered untimely. *Klein*, 2017 WL 2834260, at *7.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions is **DENIED**. An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**